# Exhibit 2

MONROE COUNTY CLERK'S OFFICE    THIS IS NOT A BILL. THIS IS YOUR RECEIPT.

Receipt # 3663687

Book    Page    CIVIL

Return To:    No. Pages:  8
BRYAN JAMES DANIELS
496 Main Street    Instrument: COMPLAINT
Buffalo, NY 14202

Control #:        202312071876
Index #:         E2023014699

Date: 12/07/2023

Buckingham Properties, LLC    Time: 8:20:02 PM
Monroe Clover Plaza, LLC

Bruegger's Enterprises, Inc.
Liberty Mutual Fire Insurance Company

Total Fees Paid:    $0.00

Employee:

State of New York

MONROE COUNTY CLERK'S OFFICE
WARNING – THIS SHEET CONSTITUTES THE CLERKS
ENDORSEMENT, REQUIRED BY SECTION 317-a(5) &
SECTION 319 OF THE REAL PROPERTY LAW OF THE
STATE OF NEW YORK. DO NOT DETACH OR REMOVE.

JAMIE ROMEO

MONROE COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE

---

BUCKINGHAM PROPERTIES, LLC, and
MONROE CLOVER PLAZA, LLC,

     Plaintiffs,

v.

BRUEGGER'S ENTERPRISES, INC.; and
LIBERTY MUTUAL FIRE INSURANCE COMPANY;

     Defendants.

**COMPLAINT**

Index No.

---

  Plaintiff, Buckingham Properties, LLC ("Buckingham") and Monroe Clover Plaza, LLC ("Monroe"), by and through their attorneys, RICOTTA MATTREY CALLOCCHIA MARKEL & CASSERT, as and for their Complaint against the defendants allege, upon information and belief:

## NATURE OF ACTION AND PARTIES

  1. Plaintiffs seek declaratory judgment pursuant to CPLR §3001 declaring that the Liberty Mutual Fire Insurance Company is fully obligated to defend and indemnify Plaintiffs in the subject underlying action on a primary and non-contributory basis pursuant to the terms of the Liberty Mutual Fire Insurance Company's Commercial General Liability Insurance Policy, number TB2-621-095126-027, and/or Liberty Mutual Fire Insurance Company's Commercial General Liability Umbrella Policy, number TH7-621-095126-057, and for such other and further relief as the Court may deem just, proper, and equitable.

  2. Plaintiff Buckingham is a domestic limited liability company with a primary business address at 259 Alexander Street, Rochester, New York 14607.

3. Plaintiff Monroe is a domestic limited liability company with a primary business address at 259 Alexander Street, Rochester, New York 14607.

4. At all times hereinafter mentioned, Defendant Bruegger's Enterprises, Inc. ("Bruegger") was and still is a foreign corporation authorized to transact business in the State of New York.

5. At all times hereinafter mentioned, Defendant Liberty Mutual Fire Insurance Company was and is a foreign corporation domiciled in the State of Wisconsin and authorized to issue policies of insurance in the State of New York by the Department of Financial Services.

## UNDERLYING INCIDENT AND ACTION

6. On April 15, 2018, Buckingham owned the property located at 2951 Monroe Avenue, Rochester, New York.

7. On or about April 6, 2021, Patrick Walsh and Christine Walsh commenced a lawsuit (hereinafter referenced as "Underlying Action") styled *Patrick Walsh and Christine Walsh v. Bruegger's Enterprises, Inc., Monroe Clover Plaza, LLC and Buckingham Properties, LLC*, Index No. E2021003013, Supreme Court, Monroe County. A copy of the Complaint is attached hereto as **Exhibit A**.

8. Patrick Walsh claims that on or about April 15, 2018, he slipped and fell (hereinafter "the Underlying Incident") while leaving the bagel shop operated by Bruegger's Enterprises, Inc. in the County of Monroe and State of New York.

9. Walsh claims specifically that he slipped while walking on the sidewalk while exiting the bagel shop. A copy of Walsh's deposition transcript is attached hereto as **Exhibit B**.

10. Walsh claims that he was injured as a result of the fall.

11. Walsh alleges in E2021003013 that the negligence of Bruegger's, Monroe Clover Plaza, and Buckingham caused his injuries.

## LEASE AGREEMENT

12. Prior to the incident alleged in E2021003013, Bruegger's and Monroe entered into a lease agreement for the rental of a 1,400 square foot building located on the lot with the address of 2951 Monroe Avenue, Town of Brighton, County of Monroe. The terms and conditions of the Lease are incorporated herein by reference. A copy of the lease is attached hereto as **Exhibit C**.

13. The Lease was in full force and effect on the date of the incident set forth in E2021003013.

14. Under the Lease, Bruegger's was responsible for snow removal and salting on the sidewalk where Walsh alleges he was injured.

15. At Article IV, the Lease specifically notes:

Section 4.01: Maintenance Expense. Landlord shall be responsible for repairing and maintaining driveways and parking areas (including striping parking spaces, patching, repaving, and resealing the parking area and snow and ice plowing and removal)…It is understood that Tenant, at its expense, is responsible for hand shoveling its sidewalk frontage.

16. The Lease also required Bruegger's to obtain liability insurance.

17. At Article VIII, the Lease specifically notes:

Section 8.01: Tenant's Coverage. Tenant shall maintain at its sole expense during hte term hereof, public liability insurance coverage…for injury…[t]enant will cause such insurance policies to name Landlord and Buckingham Properties, LLC as additional insureds.

18. Bruegger's is also required to indemnify Monroe for any acts of its [the tenant's] negligence:

Section 8.03: <u>Indemnification</u>.  Tenant hereby agrees to indemnify and hold Landlord harmless from any and all claims, damages, liabilities or expenses arising out of (a) Tenant's use of the Premises and the Lot…(c) any act, omission or negligence of Tenant, its agents or employees.

### BRUEGGER'S INSURANCE POLICY WITH LIBERTY MUTUAL FIRE

19. Upon information and belief, Liberty Mutual issued a Commercial General Liability Policy (hereinafter "Liberty Mutual CGL Policy") to named insured Bruegger's Enterprises, Inc. bearing Policy number TB2-621-095126-027.  A copy of the Liberty Mutual CGL Policy is attached hereto as **Exhibit D** and the terms and conditions of the Liberty Mutual CGL Policy are incorporated herein by reference.

20. Upon information and belief, Liberty Mutual also issued a Commercial Liability – Umbrella Policy (hereinafter "Liberty Mutual CGL – Umbrella Policy") to named insured Bruegger's Enterprises, Inc. bearing number TH7-621-095126-057.  A copy of the Liberty Mutual CGL – Umbrella Policy is attached hereto as **Exhibit E** and the terms and conditions of the Liberty Mutual CGL - Umbrella Policy are incorporated herein by reference.

21. Upon information and belief, the Liberty Mutual CGL Policy was in full force and effect on the date of the Underlying Incident.

22. Upon information and belief, the Liberty Mutual CGL – Umbrella Policy was in full force and effect on the date of the Underlying Incident.

23. Upon information and belief, the Declarations of the Liberty Mutual CGL Policy identify 2951 Monroe Avenue, Brighton, New York in the Schedule of Locations.

24. Upon information and belief, the Additional Insured Schedule of the Liberty Mutual CGL Policy identifies Plaintiffs as additional insureds.

25. Upon information and belief, the Declarations of the Liberty Mutual CGL – Umbrella Policy identify 2951 Monroe Avenue, Brighton, New York in the Schedule of Locations.

26. Upon information and belief, the Additional Insured Schedule of the Liberty Mutual CGL – Umbrella Policy identifies Plaintiffs as additional insureds.

### MONROE AND BUCKINGHAM'S TENDER TO BRUEGGER'S AND LMIC

27. On January 9, 2023, Plaintiffs tendered their defense and indemnity of the Underlying Action to Bruegger's and Liberty Mutual Fire Insurance Company. See **Exhibit F**: Demands by Monroe and Buckingham to Bruegger's Enterprises, Inc.

28. On multiple occasions, including, but not limited to, May 15, 2023, November 14, 2023, and December 4, 2023, Plaintiffs sent follow-up letters on this request, and Bruegger's (through counsel) failed to respond to same. See **Exhibit G**: Follow-up requests.

29. To date, Bruegger's and the Liberty Mutual Fire Insurance Company have wrongly refused to honor their obligation to fully defend Monroe and Buckingham on a primary and non-contributory basis for all claims, causes of action, and damages sought in the Underlying Action.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANTS: BREACH OF CONTRACT

30. Plaintiffs repeat and reallege the allegations set forth in the paragraphs designated "1" through "28" of the Complaint as if fully set forth herein.

31. By refusing to comply with their obligations to defend and indemnify Plaintiffs on a primary and non-contributory basis, the defendants have breached the terms of the Policy.

32. Upon information and belief, Plaintiffs are insured by the Liberty Mutual CGL Policy for the Underlying Action.

33. Upon information and belief, Plaintiffs are insured by the Liberty Mutual CGL – Umbrella Policy for the Underlying Action.

34. The Underlying Action seeks damages for bodily injury arising out of a fall that allegedly occurred at 2951 Monroe Avenue, Brighton, New York, where Bruegger's leases the premises from Plaintiffs for commercial use.

35. Plaintiffs have been damaged by the aforementioned breach.

36. Plaintiffs are entitled to damages for breach of contract in an amount to be determined at trial, and which include any and all costs associated with pursuing this action, along with defense costs that have been or may be incurred by or on behalf of Plaintiffs in the Underlying Action, and any settlements, damages, verdicts, judgments, costs, sum or penalties that Plaintiffs may pay or become obligated to pay as a result of the Underlying Action.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS: DECLARATORY JUDGMENT**

37. Plaintiffs repeat and reallege the allegations contained in the paragraphs designated "1" through "34" of the Complaint as if fully set forth herein.

38. Based upon the foregoing, Plaintiffs request that this Court issue a declaratory judgment stating that pursuant to the terms of the Liberty Mutual CGL Policy, that the insurer owes a primary duty to fully defend and indemnify Plaintiffs in the Underlying Action; that the insurance coverage afforded to Plaintiffs under the Liberty Mutual CGL Policy for the Underlying Action is primary and non-contributory; and for such other and further relief as the Court may deem just, proper, and equitable.

39. Based upon the foregoing, Plaintiffs request that this Court issue a declaratory judgment stating that pursuant to the terms of the Liberty Mutual CGL – Umbrella Policy, that the insurer owes a primary duty to fully defend and indemnify Plaintiffs in the Underlying Action; that the insurance coverage afforded to Plaintiffs under the Liberty Mutual CGL – Umbrella Policy

for the Underlying Action is primary and non-contributory; and for such other and further relief as the Court may deem just, proper, and equitable.

**WHEREFORE**, it is respectfully requested that Monroe and Buckingham be awarded monetary damages on the first cause of action for breach of contract, including reimbursement of any and all defense costs incurred, or which might in the future be incurred, in the defense of Monroe and Buckingham and reimbursement for any settlements, damages, verdicts or judgments that may arise out of the Underlying Action; that this Court issue a declaratory judgment stating that pursuant to the terms of the Liberty CGL Policy, Liberty Mutual owes a primary and non-contributory duty to fully defend and indemnify Plaintiffs in the Underlying Action; that this Court issue a declaratory judgment stating that pursuant to the terms of the Liberty CGL – Umbrella Policy, Liberty Mutual owes a primary and non-contributory duty to fully defend and indemnify Plaintiffs in the Underlying Action and for such other and further relief as the Court may deem just, proper, and equitable.

Dated: Buffalo, New York
       December 6, 2023

                                               **RICOTTA MATTREY CALLOCCHIA MARKEL & CASSERT**

_____
By: Bryan Daniels
*Attorneys for Plaintiffs*
*Monroe Clover Plaza, LLC and*
*Buckingham Properties, LLC*
496 Main Street
Buffalo, New York 14202
(716) 854-6424